UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21162-CIV-LENARD/GOODMAN

MARY QUINTERO

    Plaintiff,

v.

JORGE LUIS LOPEZ and
MARILE LOPEZ

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants JORGE LUIS LOPEZ and MARILE LOPEZ (collectively, "Defendants") hereby respond to Plaintiff MARY QUINTERO'S Complaint in accordance with the numbered paragraphs thereof as follows:

    1.    Defendants admit that Plaintiff purports to bring this case under the Fair Labor Standards Act, 29 U.S.C. §§201-219, but deny that Plaintiff is entitled to any relief.

    2.    Admitted.

    3.    Defendants admit the Jorge Luis Lopez resides in Miami-Dade County, however the remaining allegations of paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations of paragraph 3 are denied.

    4.    Defendants admit the Marile Lopez resides in Miami-Dade County, however the remaining allegations of paragraph 4 contain legal conclusions to which no

response is required. To the extent that a response is required, the remaining allegations of paragraph 4 are denied.

5.      Defendants admit that Plaintiff's complaint purports to bring claims based on acts or omissions that allegedly occurred in Miami-Dade County.

6.      Defendants admit that Plaintiff purports to bring this case pursuant to the laws of the United States.

7.      Defendants admit that Plaintiff purports to bring this action pursuant to The Fair Labor Standards Act and that Plaintiff claims subject matter jurisdiction pursuant to 28 U.S.C. §1331.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8.      Defendants admit that Plaintiff purports to quote Section 207 of The Fair Labor Standards Act.

9.      Admitted.

10.     Defendants admit that Plaintiff purports to quote Section 202 of the Fair Labor Standards Act, however, the remaining allegations of paragraph 10 contain legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations of paragraph 10 are denied.

11.     Defendants admit that Plaintiff purports to quote Administrative Rule 29 C.F.R. 552.99.

12.     The allegations of paragraph 12 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of paragraph 12 are denied.

13.     Defendants admit only that Plaintiff was paid hourly rates of $13.00 and $14.00, but deny the remaining allegations contained in paragraph 13.

14.     Denied.

15.     Denied.

The allegations and prayers for relief in the Wherefore Clause are denied.

## AFFIRMATIVE DEFENSES

Defendants allege the following as separate affirmative defenses to Plaintiff's claim without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law. Defendants reserve the right to add additional affirmative defenses should they become aware of such during the course of discovery.

### *First Affirmative Defense*

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

Plaintiffs claim is barred in whole or in part by the exemptions provided by 29 U.S.C. §213, including the overtime exemption applicable to domestic service employees who reside in the household where they work, or where they stay for extended periods of time.

### *Third Affirmative Defense*

Plaintiffs claim is barred in whole or in part by the exemptions, exclusions, or exceptions, and credits provided by 29 U.S.C. §207.

### *Fourth Affirmative Defense*

Plaintiffs claim is barred in whole or in part by 29 U.S.C. §260 because the acts or omissions complained of, if at all, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of FLSA.

### *Fifth Affirmative Defense*

Plaintiffs claim is barred in whole or in part by 29 U.S.C. §259 because Defendants' alleged failure to pay Plaintiff, it at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor and in conformity with Florida law.

### *Sixth Affirmative Defense*

Plaintiff's claim is offset by any amounts owed to Defendants, including but not limited to overpayments or other forms of unjust enrichment.

### *Seventh Affirmative Defense*

Plaintiff's claim is barred in whole or in part by 29 U.S.C. §259 as to all hours during which she was engaged in certain activities which were non-compensable, such as taking breaks, or taking care of her own personal business.

### *Eighth Affirmative Defense*

Plaintiff's claim is barred as to all hours allegedly worked of which Defendants lacked knowledge. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiff as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff as set forth in the Complaint.

*Ninth Affirmative Defense*

Plaintiff claim is barred in whole or in part because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

*Tenth Affirmative Defense*

Plaintiff claim is barred, or limited, by the applicable statutes of limitations.

**Dated**: May 29, 2015.

    Respectfully submitted,

    Gabriel E. Nieto, Esq. FBN 14755
    Miguel A. Morel, Esq. FBN 89163
    RASCO KLOCK PEREZ NIETO
    2555 Ponce De Leon Blvd., Suite 600
    Coral Gables, Florida 33134
    Telephone: 305.476.7105
    Facsimile: 305.675.7707

    By: */s/ Miguel A. Morel*
        Miguel A. Morel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    By: */s/ Miguel A. Morel*
        Miguel A. Morel

5

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100

## SERVICE LIST

**Via CM/ECF Notice**

J.H. ZIDELL, ESQ.
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com

6

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100