UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21162-CIV-LENARD/GOODMAN

MARY QUINTERO,

     Plaintiff,
v.

JORGE LUIS LOPEZ and
MARILE LOPEZ,

     Defendants.
_____/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Jorge Luis Lopez and Marile Lopez pursuant to Federal Rule of Civil Procedure 56 and Rule 7.5 of the Local Rules of the U.S. District Court for the Southern District of Florida, move for Summary Judgment in their favor. As grounds for this Motion, Defendants state as follows:

**INTRODUCTION**

To recover for uncompensated overtime work pursuant to the Fair Labor Standards Act, a plaintiff must prove that his employer had knowledge, either actual or constructive, of the employee's overtime work. The undisputed facts establish that Plaintiff, Mary Quintero, was responsible for documenting her hours in time sheets provided to her, and that she ***never*** informed Mr. and Mrs. Lopez or their payroll manager that she was allegedly working during her one-hour lunch break during the last three years.

Putting that aside, Ms. Quintero cannot establish that Mr. and Mrs. Lopez willfully and intentionally violated the FLSA, and, therefore, is not entitled to liquidated damages. To the contrary, the undisputed facts show that Mr. and Mrs. Lopez paid Ms. Quintero overtime wages

for every hour that Ms. Quintero reported. The undisputed facts also establish that Mr. and Mrs. Lopez paid Ms. Quintero one-week vacation time each year, as well as four holidays throughout the year. The fact is that Mr. and Mrs. Lopez were generous with Ms. Quintero. Ms. Quintero filed this action in response to a television advertisement – merely because she believes she is entitled to compensation for every hour she was in the Lopez household – including the secret lunch hour which she understood was not compensated.

## OVERVIEW OF UNDISPUTED FACTS

Plaintiff Mary Quintero worked as a domestic services employee at Mr. and Mrs. Lopez's home from July 2007 until February 2015. (SMF ¶1).[1] Ms. Quintero is suing Mr. and Mrs. Lopez pursuant to the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§201-219. Ms. Quintero claims that Mr. and Mrs. Lopez intentionally and willfully violated the overtime provision of the FLSA from December 1, 2012 until February 28, 2015 ("the Statutory Period"), and claims actual and liquidated damages. *See* D.E. 41 (Plaintiff's Amended Statement of Claim).

Ms. Quintero was an hourly-paid employee during the Statutory Period and was paid $13.00 an hour until January 2015, at which time her salary was increased to $14.00 an hour. (SMF at ¶1). Ms. Quintero's work schedule during the Statutory Period was from 7:00 a.m. to 4:00 p.m. (SMF at ¶3). Ms. Quintero was provided with a one-hour lunch break, which she took at approximately 1:00 p.m. each day. (SMF at ¶10). Each year, Ms. Quintero was paid a one-week vacation and four holidays. (SMF at ¶6). Occasionally, when specifically requested by Ms. Lopez, Ms. Quintero worked overtime, for which she was compensated at a rate not less than time and one-half her regular rate of pay. (SMF at ¶¶16, 18).

---

[1] "SMF" refers to Defendants' Statement of Undisputed Material Facts, filed contemporaneously with Defendants' Motion for Summary Judgment.

Ms. Quintero, along with other persons employed at Mr. and Mrs. Lopez's home, were instructed to document all of their time in time sheets provided to them. (SMF at ¶¶8-9, 15). Each week Ms. Quintero, and the other two employees who worked at the Lopez household, submitted their time sheets to Maria Fernanda Rodriguez, who during the course of Ms. Quintero's employment, handled payroll for Mr. and Mrs. Lopez. (SMF at ¶¶7, 15). Ms. Rodriguez was instructed to pay each and every hour reported by Mr. and Mrs. Lopez's employees. (SMF at ¶9).

Ms. Quintero testified that she occasionally contacted Ms. Rodriguez regarding general work matters, but did not alert Ms. Rodriguez that her paystubs were inaccurate. (SMF at ¶¶14, 18). To the contrary, Ms. Quintero testified that she reviewed her paystubs each week, and that her paystubs accurately reflected that she was paid for all of the hours she reported. (SMF at ¶¶ 14-16). Ms. Quintero's paystubs reflect that she was compensated at a rate not less than time and one-half her regular rate of pay when she worked in excess of 40 hours in a week. (SMF at ¶18).

During the week of November 3, 2014, Ms. Lopez requested that Ms. Quintero work as a live-in domestic services worker since Lidia Gonzalez, another employee at the Lopez household, was going to be out of work during that week. (SMF at ¶22). Ms. Quintero agreed and lived and worked at the Lopez household from November 3, 2014 to November 8, 2014. *Id*. Ms. Quintero returned to being a non-live in domestic services employee on Monday November 10, 2014. *Id*.

Ms. Quintero's employment ended on February 27, 2015. (SMF at ¶1). Shortly after, Ms. Quintero saw a late night television advertisement for her counsel's law firm and decided to call because she was at the Lopez household for nine hours each day, and was only paid for eight. (SMF at ¶¶19-21). Though Ms. Quintero understood that her one-hour lunch break was not

3

compensated, Ms. Quintero claims that she is entitled to compensation because she answered the telephone and opened the door for occasional house guests during the time that she took her lunch break. (SMF at ¶¶3, 5, 10-11). Ms. Quintero testified that it was her own choice not to take her full one-hour lunch break because she was a responsible employee. (SMF at ¶11).

Ms. Quintero testified that she *never* informed Mr. and Mrs. Lopez -- who were not home during the day -- that she was working during her lunch break and was not being compensated, although she could have done so. (SMF at ¶¶12-13) *citing* (Quintero Dep. 17:9-11)) ("Q. But you never told Mr. and Mrs. Lopez that you weren't taking your full one-hour lunch break? A. No."); (Quintero Dep., 9:8-9) ("Q. Did you, at any time during your employment, tell your employer that you were working nine hours? A. No. Q. Why not? A. I don't know."); (Quintero Dep., 10:1-3 (Q. And you also stated that you never complained correct? A. Yes."); (Quintero Dep., 10:1-7) ("Q. But you could have complained to Mr. and Mrs. Lopez, if you felt you were not being paid? A. That's true."); (Quintero Dep., 19:15-17) ("Q. Ms. Quintero, but you just testified that you understood you were entitled to a one-hour lunch break? A. Yes. Q. But you never complained about it? A. Because I was silly.").

## STANDARD OF REVIEW

Summary judgment is required where the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Employers Reinsurance Corp. v. Neighborhood Health P'ship, Inc.*, No. 01-cv-4233, 2003 WL 23833948, at *2 (S.D. Fla. 2003) (*citing* Fed. R. Civ. Pro. 56(c)). Once that burden is met, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (*citing* Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of

evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].'" *Id.* (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). And where, as is the case here, the non-movant bears the burden on its affirmative claims, "[t]he failure of proof concerning an essential element of the nonmoving party's case . . . requires the court to grant the motion for summary judgment." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

## ARGUMENT

### I. The Requirements of the Fair Labor Standards Act

The FLSA requires employers to pay overtime to employees who are employed more than 40 hours per week. 29 U.S.C. § 207(a)(1). The term "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203(g); *Reich v. Department of Conservation and Natural Resources, State of Ala.*, 28 F.3d 1076, 1082 (11th Cir.1994). "Work not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. "If an employer knows or has reason to believe that the employee continues to work, hours will count for the purpose of overtime under the FLSA." *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1324-25 (S.D. Fla. 1999) (Nesbitt, J.) (internal citations omitted); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) ("The key inquiry is thus not whether overtime work was authorized, but ***whether the employer had knowledge*** that the employee was performing such work.").

### II. The Undisputed Facts Establish That Plaintiff Cannot Prove Her Claim

In order for Ms. Quintero to recover for uncompensated overtime work under the FLSA, Ms. Quintero must show that: (1) she worked overtime hours without compensation, and (2) that Mr. and Mrs. Lopez had knowledge, or should have had knowledge, of her overtime work.

*Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1324-25 (S.D. Fla. 1999) (Nesbitt, J.); *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007).

Ms. Quintero cannot establish that she was not compensated for all the compensable hours she worked, nor can she establish that Mr. and Mrs. Lopez had actual or constructive knowledge of the alleged overtime. To the contrary, the undisputed facts establish that: (1) Ms. Quintero was responsible for documenting all hours worked in her time sheets; (2) that Ms. Quintero was paid for each and every hour that she reported; (3) that Ms. Quintero was paid at one and a half time her standard hourly rate for hours that Ms. Quintero worked in excess of 40 per week; (4) that Ms. Quintero voluntarily chose to work during her one-hour lunch break; and, (5) that Ms. Quintero failed to inform anyone that she was not taking her full one-hour lunch break because she was allegedly answering the telephones and opening the doors for guests.

### a. Ms. Quintero Failed to Inform Mr. and Mrs. Lopez She Elected to Work During Her One-Hour Lunch break

It is well settled that "where an employee ***fails to notify*** the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not an FLSA violation." *Debose v. Broward Health*, 2009 WL 4884535, at *11 (S.D. Fla. 2009) (Moore, J.); *see also*, *Forrester v. Foodliner*, 646 F.2d 413, 414–15 (9th Cir. 1981) ("Where the acts of an employee prevent an employer from acquiring knowledge of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of the FLSA's overtime provisions."); *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007) (same).

The undisputed evidence establishes that Ms. Quintero made a conscious decision not to inform Mr. and Mrs. Lopez that she was allegedly working during her lunch break, even though she understood that this one-hour lunch break was not compensable. Ms. Quintero specifically

testified that while she understood Mr. and Mrs. Lopez did not compensate employees for the one-hour lunch break and that they were not home during the day, she did not inform them that she did not take a full one-hour break because she was "silly." The fact is, however, that Mr. and Mrs. Lopez could not have paid Ms. Quintero for the extra hours purportedly worked if they did not have knowledge of it. As such, Ms. Quintero cannot establish that Mr. and Mrs. Lopez violated the FLSA for failing to pay overtime hours they could not have known of.

### b. Ms. Quintero Is Not Entitled to Overtime Compensation for Hours Not Reported in Her Time sheets as a Matter of Law

"An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing that such overtime did not occur." *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) (Nesbitt, J.) (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir.1972) (upholding judgment for employer that employee was estopped from claiming more hours than those submitted in time sheets); *Newton v. City of Henderson,* 47 F.3d 746, 748–49 (5th Cir. 1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on time sheets)).

It is undisputed that Ms. Quintero was responsible for accounting, documenting, and reporting each and every hour she worked. SMF at ¶13. Ms. Quintero testified that she worked overtime whenever it was requested, and that she was paid overtime for hours worked in excess of 40. As admitted by Ms. Quintero, the paystubs accurately reflected that Ms. Quintero was paid time and a half her normal pay for every hour that Ms. Quintero worked in excess of 40 hours each week. SMF at ¶16. This is corroborated by Ms. Quintero's pay stubs, which reflect that Ms. Quintero was paid time and a half her hourly rate on the weeks that she reported hours in excess of 40. SMF at ¶18.

Given the undisputed facts in this case, Ms. Quintero cannot prove that Mr. and Mrs. Lopez had knowledge that Ms. Quintero worked during her lunch break or that she was not compensated for each and every hour that she reported in her time sheets. Accordingly, Mr. and Mrs. Lopez are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) ("[t]he failure of proof concerning an essential element of the nonmoving party's case . . . requires the court to grant the motion for summary judgment.").

### III. Ms. Quintero Is Not Entitled to Overtime Compensation for The Week of November 3, 2014 as She Was a Domestic Services Live-in Employee

Ms. Quintero also seeks overtime compensation for hours which Ms. Quintero worked during the week of November 3, 2014. However, the undisputed facts establish that Ms. Quintero agreed to, and did work, as a live-in domestic services employee during the week of November 3, 2014. *See* SMF at ¶22. Specifically, the undisputed facts establish that Ms. Quintero agreed to cover for Lidia Gonzalez, who is another worker at the Lopez's home, on that week. *Id*. Accordingly, Ms. Quintero is not entitled to overtime compensation for hours worked in excess of 40 during this week since the FLSA's overtime requirement is inapplicable to "any employee who is employed in domestic service in a household and who resides in such household." 29 U.S.C. § 213(b) (21).

### CONCLUSION

In conclusion, Mr. and Mrs. Lopez are entitled to summary judgment against Ms. Quintero. The fact is that the undisputed facts establish that Ms. Quintero was instructed to document all of her time and that Ms. Quintero was paid for each and every hour that she recorded. Even if Ms. Quintero could somehow establish that she worked during her one-hour lunch break, the undisputed facts establish that Ms. Quintero did not document this time in her time sheets and also that she did not inform Mr. and Mrs. Lopez of the alleged work.

Accordingly, Ms. Quintero cannot prove her claim and Mr. and Mrs. Lopez are entitled to judgment as a matter of law.

**Dated**: February 24, 2016.

> Gabriel E. Nieto, Esq. FBN 14755
> Miguel A. Morel, Esq. FBN 89163
> RASCO KLOCK PEREZ NIETO
> 2555 Ponce De Leon Blvd., Suite 600
> Coral Gables, Florida 33134
> Telephone: 305.476.7105
> Facsimile: 305.675.7707
>
> By: */s/ Miguel A. Morel*
>      Miguel A. Morel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2016, I served the foregoing document, via e-mail, on all counsel of record identified in the service list below.

> By: */s/ Miguel A. Morel*
>      Miguel A. Morel

**Via E-Mail**

Jamie Harrison Zidell, Esq.
Stephen Fox Jr., Esq.
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com
stephen.fox.esq@gmail.com