UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21162-CIV-LENARD/GOODMAN

MARY QUINTERO,

    Plaintiff,

v.

JORGE LUIS LOPEZ and
MARILE LOPEZ,

    Defendants.
_____/

## JOINT PROPOSED PRETRIAL STIPULATION

The Parties, Plaintiff Mary Quintero and Defendants Jorge Luis Lopez and Marile Lopez, jointly file the following pretrial stipulation pursuant to Local General Rule 16.1(e) and the Court's Order Establishing Pretrial Deadlines [D.E. 43] and state as follows:

**1. STATEMENT OF THE CASE**

    **a. Plaintiff's Statement of the Case:**

Plaintiff alleges violations of the Fair Labor Standards Act for uncompensated time that resulted from having to work through an unpaid lunch. During the week of November 3, 2014 the Plaintiff was covering the shifts of the live in house keeper and was not paid for the overtime, for which she now seeks compensation. Hence, for the statutory period, dating three years back from the filing of the FLSA claim, Plaintiff is asking for pay for five hours of overtime per week at the time and one-half rate, and time and one-half for 26.5 hours of overtime for the Week of November 3rd, 2014. Realizing that there were times in which Plaintiff did not work overtime, Plaintiff's Statement of Claim details the exact dates for which she is asserting a claim.

### b. Defendants' Statement of the Case:

Plaintiff has alleged claims against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff claims that Defendants intentionally and willfully violated the overtime provision of the FLSA from December 1, 2012 until February 28, 2015 ("the Statutory Period"), and seeks actual and liquidated damages. In particular, Plaintiff claims that she was not paid for work she performed during her one-hour lunch break during the Statutory Period, which she understood she was required to take and was not compensable. Nevertheless, Plaintiff requests five overtime hours a week for the entire Statutory Period. In addition to these five overtime hours, Plaintiff also seeks overtime compensation for each and every hour that she was at Defendants' residence during the week of November 3, 2014, during which Plaintiff was temporarily working as a live-in domestic services worker.

Defendants deny Plaintiff's claim and have asserted various affirmative defenses. Defendants' defenses are supported by both Plaintiff's and Defendants' detailed payroll records, including the timesheets which Plaintiff herself filled out and submitted to Plaintiffs' payroll manager. The timesheets demonstrate that Plaintiff was compensated for each and every hour that she reported, and that she was compensated at a rate not less than time and one-half her regular pay when she reported time in excess of 40 hours in a week. Defendants' position is also supported by the fact that Plaintiff never informed Defendants' or their payroll manager that she was purportedly working during her lunchbreak, even though Plaintiff had every opportunity to do so, and neither Defendants nor their payroll manager would have had any independent basis to learn that Plaintiff was working during her lunchbreak, even if true.

Defendants also deny that Plaintiff is entitled to overtime compensation for the week of November 3, 2014, since Plaintiff was working as a live-in domestic services employee during that week, and was paid for each and every hour that she reported. Defendants were not required to pay Plaintiff at a rate not less than time and one-half her regular pay during that week.

Lastly, Defendants deny Plaintiff's contention that they willfully and intentionally violated the FLSA or that Plaintiff is entitled to actual or liquidated damages.

**2.  BASIS FOR FEDERAL JURISDICTION**

This Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 (civil actions under the Constitution, laws and treaties of the United States). This is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

**3.  PLEADINGS RAISING THE ISSUES**

   **a.** Plaintiff's Complaint. [D.E. 1].

   **b.** Defendants' Answer and Affirmative Defenses. [D.E. 14].

   **c.** Plaintiff's Amended Statement of Claim. [D.E. 41].

   **d.** Defendants' Response to Plaintiff's Statement of Claim. [D.E. 17].

**4.  UNDISPOSED MOTIONS**

   a. Defendants' Motion for Summary Judgment. [D.E. 59].

**5.  UNCONTESTED FACTS**

   a. The FLSA applies to Plaintiff's work for Defendants.

   b. Plaintiff worked for Defendants in Defendants' home from July 4, 2007 until February 27, 2015.

   c. Plaintiff was an hourly paid employee and was paid $13.00 an hour until January 2015, at which time her salary was increased to $14.00 an hour.

   d. Defendants and Plaintiff both maintained timesheets and pay records of Plaintiff's hours of work.

   e. Plaintiff was responsible for documenting and submitting the time she worked each week in timesheets provided to her by Defendants.

    f. Defendants' and Plaintiff's pay records show the amount of wages paid to Plaintiff.

    g. When requested by Defendants, Plaintiff worked overtime.

    h. Plaintiff was compensated at a rate not less than time and one-half her regular pay when she reported time on the timesheets in excess of 40 hours in a week.

    i. During the course of her employment with Defendants, Plaintiff worked at Defendants' residence, which is not where Defendants worked.

    j. Plaintiff last day of work for Defendants was on February 27, 2015.

**6. DISPUTED FACTS**

To the extent that Defendants' Motion for Summary Judgment [D.E. 59] is denied, the following issues of fact will remain to be litigated.

    a. The number of hours Plaintiff worked each week during the Statutory Period.

    b. Whether Plaintiff is owed overtime wages, and if so how much.

    c. Whether Plaintiffs' lunchbreak was compensable.

    d. Whether Defendants had actual or constructive knowledge of the overtime work claimed by Plaintiff.

    e. Whether the tasks Plaintiff claims she was engaged in during her lunchbreak are compensable.

    f. Whether Plaintiff is entitled to damages related to her FLSA claims, and if so, the type(s) and amount of damages to be awarded to her.

    g. If Defendants are found to have violated the FLSA, was the violation willful.

    h. Whether Defendants acted in good faith conformity in believing that their conduct did not violate the provisions of the FLSA.

    i. Whether Plaintiff's claims against Defendants are barred in whole or in part by the statute of limitations.

    j.   Whether Plaintiff's claim is barred in whole or in part by the exemptions provided by 29 U.S.C. § 213, including the overtime exemption applicable to domestic service employees who reside in the household were they work, or where they stay for extended periods of time.

    k.   Whether Plaintiff's claim is barred in whole or in part by the exemptions, exclusions, or exceptions, and credits provided by 29 U.S.C. § 207.

    l.   Whether Defendants are entitled to an offset, including for any room and board provided to Plaintiff during her employment with Defendants.

    m.   If there was a violation of the FLSA was it a willful violation.

**7.   AGREED ISSUES OF LAW**

    a.   This Court has jurisdiction over the parties and the action, and the Southern District of Florida is the proper venue.

    b.   The FLSA applies to Plaintiff's work for Defendants.

**8.   CONTESTED ISSUES OF LAW THAT REMAIN FOR DETERMINATION BY THE COURT:**

    a.   If Plaintiff prevails at trial, the amount of attorneys' fees and costs to be awarded to Plaintiff pursuant to 29 U.S.C. §216.

    b.   Whether Defendants acted in good faith.

    c.   Whether the Plaintiff is entitled to an award of liquidated damages, and the amount of any such award.

**9.   TRIAL WITNESSES**

The parties will will file their witness lists five (5) business days prior to the pretrial conference in accordance with the instructions provided in the Court's Scheduling Order [D.E. 43].

10. **TRIAL EXHIBITS**

The parties will provide the Court with a Master Exhibit Notebook and will file their exhibit lists five (5) business days prior to the pretrial conference in accordance with the instructions provided in the Court's Scheduling Order [D.E. 43].

11. **ESTIMATED TRIAL TIME**

    a. **Plaintiff's Estimate:** Plaintiff estimates the trial will take between three and four days.

    b. **Defendants' Estimate:** Defendants estimate that the trial of this matter will take three days, not including jury selection.

12. **ATTORNEY'S FEES**

    a. **Plaintiff's Statement:** Plaintiff's estimate of attorneys' fees and costs through trial is $75,000.00.

    b. **Defendants' Statement:** Defendants reserve the right to file post judgment motions for attorneys' fees and costs upon prevailing at trial, pursuant to the applicable Federal Rules of Civil Procedure. At this time, Defendants do not have an estimate of their attorneys' fees to date.

**Dated**: May 23, 2016

| | |
|---|---|
| Jamie Harrison Zidell, Esq. FBN 10121<br>Joshua H. Sheskin, Esq., FBN 93028<br>Allyson Morgado, Esq., FBN 91506<br>**J.H. Zidell, P.A.**<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel. (305) 865-6766<br>Fax. (305) 865-7167<br><br>By:  /s/ *Joshua H. Sheskin*<br>        Joshua H. Sheskin<br><br>*Counsel for Plaintiff, Mary Quintero* | Gabriel E. Nieto, Esq. FBN 14755<br>Hilton Napoleon II, Esq. FBN 17593<br>Miguel A. Morel, Esq. FBN 89163<br>**RASCO KLOCK PEREZ NIETO**<br>2555 Ponce de Leon Blvd., Suite 600<br>Coral Gables, Florida 33134<br>Telephone: 305.476.7111<br>Facsimile: 305.675.7707<br><br>By:  /s/ *Gabriel E. Nieto*<br>        Gabriel E. Nieto<br><br>*Counsel for Defendants,*<br>*Jorge Luis Lopez and Marile Lopez* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2016, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        By:  */s/ Miguel A. Morel*
                                                Miguel A. Morel

**Via CMF/ECF Notice**

Jamie Harrison Zidell, Esq.
Stephen Fox Jr., Esq.
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com
stephen.fox.esq@gmail.com