IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21162-CIV-LENARD/GOODMAN

MARY QUINTERO,

    Plaintiff,

v.

JORGE LUIS LOPEZ and
MARILE LOPEZ,

    Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION REQUESTING THE COURT TO RECONSIDER ITS ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Jorge Luis Lopez and Marile Lopez reply to Plaintiff's Response in Opposition to Defendants' Motion Requesting for The Court to Reconsider Its Order On Defendants' Motion for Summary Judgment [D.E. 85] as follows:

**I. Counsel's Statements Regarding the Purported Settlement Are Misplaced** [1]

While Plaintiff's counsel makes a big deal and raises improper issues related to settlement discussions, counsel omits the fact that it failed to notify Defendants' counsel and the Court that the lead attorney handling the matter was no longer employed at Plaintiff's counsel's law firm.[2] Thus, the attorney primarily working on the matter, did

---

[1] To the extent that the Court has any interest in the issue of settlement discussions by counsel before the Court, this portion of the reply addresses that issue. But, counsel would suggest that raising anything having to do with settlement is improper and believes that opposing counsel should know that.

[2] Plaintiff filed a motion to withdraw on behalf of Elizabeth Hueber on March 10, 2016, after Defendants filed their motion for summary judgment. D.E. 67. The other attorney

not respond to Defendants' counsel's post-mediation telephone calls or e-mails since she was no longer employed at the Ziddell law firm.

Defendants filed their motion for summary judgment, after not hearing anything back from Plaintiff's counsel, in order to comply with the Court's pretrial deadline to file dispositive motions. Moreover, as explained by the Court in its Order denying the enforcement of the purported settlement agreement:

> Plaintiff never filed a Notice of Settlement or provided telephonic notice to the Court that the Parties had settled. The Court's October 6, 2015 Scheduling Order explicitly states that "[i]f a case is settled, counsel for Plaintiff/s shall inform the Court by calling Chambers and to submit an appropriate Order For Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1) within fourteen (14) days of the settlement. Failure to notify the Court of a settlement may result in the imposition of appropriate sanctions." On February 24, 2016, Defendants filed a 59 Motion for Summary Judgment. Plaintiff states that she "did not continue litigating this case because the parties had reached an agreement--Plaintiff relied on the agreement to her detriment and is compelled to file this motion to have the Court enforce it."

D.E. 65 (internal citations omitted).

Plaintiff's counsel should not cast the blame on Defendants and their counsel for having to litigate this case. The argument is simply inappropriate. Further, while Plaintiff's counsel describes this case as being an "utter waste of judicial resources," this is the case ***that they filed*** and which Defendants have taken very seriously, given their reputations and the fact that they properly treat and compensate their employees. Defendants have every right to defend themselves against the claims brought against them. D.E. 85 at 1.

---

who was working on this matter with Ms. Hueber, Julia Garrett, also left the firm and still appears as counsel of record, even though she is no longer at the Ziddell law firm.

Counsel will not address any arguments related to Plaintiff's characterizations of the Rule 11 letter as it is a completely improper subject to bring to the Court's attention at this juncture, especially since a Rule 11 Motion *has not* been filed. The merits of any Rule 11 motions will be addressed by the Court at which as such motions are filed.[3]

## II.  Reconsideration Is Appropriate

The issue of whether or not the overtime exemption is applicable to a long-term domestic services employee, who has worked as both a live and non-live in domestic services employee during extended-periods of time, has not been previously addressed in this jurisdiction or in other jurisdictions as far as counsel's research has shown. The additional facts brought to the Court's attention would have been helpful and would have been brought to the Court's attention had counsel reasonably believed that it would have been an issue. This is not recently fabricated evidence and was evidence of record before the Court, as the Plaintiff's deposition was attached to Defendants' Motion for Summary Judgment.

Plaintiff has not provided any law addressing the issue. Their only substantive argument in response is that the recently-issued rule by the Department of Labor ("the Rule") which was cited by the Court in its Order is effective and applicable to Plaintiff since she filed her case after January 1, 2015. However, the Rule is clear that its effective date is January 1, 2015 and only applies to claims based on claims after that date. The Rule states:

> **Effective Date**
>
> These changes ***will become effective on January 1, 2015***. The Department believes that this extended effective date takes into

---

[3] Again, opposing counsel appears unfamiliar with rather basic rules of litigation.

> account the complexity of the federal and state systems that are a significant source of funding for home care work and the needs of the diverse parties affected by this Final Rule (including consumers, their families, home care agencies, direct care workers, and local, state and federal Medicaid programs) by providing such parties, programs and systems time to adjust.

FR 60454-01, 2013 WL 5428279 at at *60456 (emphasis added).

However, putting that aside, the key distinction between the plain language contained in the Rule,[4] and the facts of this case, is that Ms. Quintero did not work for the ***Lopez household*** for a temporary period of time. To the contrary, Ms. Quintero worked at the household for approximately eight years, and has resided and worked as an exempt live-in domestic services employee for extended periods of time, *i.e.*, from September 5, 2010 until November 30, 2012, and again on the week of November 3, 2014. See D.E. 60-1 at 22-23 (Quintero Dep. Tr. 13/10-15, 14/1-3).

## **CONCLUSION**

Based upon the foregoing, this Court should reconsider the portion of the Order finding that Plaintiff's work for the week November 3, 2014 was not exempt from the FLSA's overtime requirements.

---

[4] "Employees who work only temporarily, for example, for only a short period of time such as two weeks, ***for the given household*** are not considered live-in domestic service workers, because residing on the premises of such household implies more than temporary activity." Application of the Fair Labor Standards Act to Domestic Service, 78 FR 60454-01.

**Dated**: June 28, 2016.

                                              Gabriel E. Nieto, Esq. FBN 14755
gnieto@rascoklock.com
Miguel A. Morel, Esq. FBN 89163
mmorel@rascoklock.com
Joseph P. Klock, Jr. Esq. FBN 156678
jklock@rascoklock.com
**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707

By: */s/ Miguel A. Morel*
      Miguel A. Morel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2016, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Miguel A. Morel*
    Miguel A. Morel

**Via CMF/ECF Notice**

Jamie Harrison Zidell, Esq.
Stephen Fox Jr., Esq.
Joshua Sheskin, Esq.
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com